IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States ex rel. Lorenzo Jones, <br> Petitioner, <br> v. <br><br> Randy Pfister, et al., <br> Respondents. | 11 C 9112 <br><br> Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Petitioner United States ex rel. Lorenzo Jones brings this *pro se* Motion for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Motion rests upon Jones's claims of ineffective assistance of counsel and of prejudice based on the State's comments made during the closing arguments of Jones's trial. For the reasons set forth herein, Jones's Motion for a Writ of Habeas Corpus is denied.

**I. Background**

On December 10, 1998, a jury found Jones guilty of first degree murder for the killing of Jose Oquendo, and the trial court sentenced him to fifty years imprisonment. *See People v. Jones*, 955 N.E.2d 1200, 1203 (Ill. App. Ct. 2011). Jones is currently incarcerated at the Pontiac Correctional Center in Pontiac, Illinois.

On direct appeal from his conviction Jones's appointed counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), reasoning that Jones

1

could raise only two frivolous claims on appeal: (1) that the trial court erred in denying Jones's motion based on *Batson v. Kentucky*, 476 U.S. 79 (1986); and (2) that the State presented insufficient evidence to support Jones's conviction. *See Jones*, 955 N.E.2d at 1203. Jones's appellate counsel believed that both of these grounds for appeal were frivolous and without any merit. Counsel specifically noted that Jones "gave two written statements in which he confessed that he had planned and carried out the murder of his friend." *Id.* at 33-34. For the first time during trial Jones stated that he accidently shot Oquendo . In his response to his counsel's *Anders* motion, Jones asserted that the prosecutor's closing argument denied him a fair trial. *See Jones*, 955 N.E.2d at 1203-1204. The Illinois Appellate Court granted Jones's appellate counsel's motion to withdraw pursuant to *Anders* on November 22, 2000, holding that "'the evidence was not closely balanced nor was the error [that petitioner alleges] of such magnitude to deny defendant a fair trial.'" *Id* (quoting *People v. Jones*, 783 N.E.2d 238, 238 (Ill. App. Ct. 2000)).

On April 4, 2001, the Illinois Supreme Court denied Jones's Petition for Leave to Appeal (PLA), in which he argued that the appellate court erred in allowing his appellate counsel to withdraw because the prosecutor called Jones a liar and commented on facts not in evidence during closing arguments. *See Jones*, 783 N.E.2d at

239-242. Jones cited no federal law in his PLA, relying primarily on *People v. Weathers*, 338 N.E.2d 880 (Ill. 1975), which also cites no federal law.

On March 5, 2002, Jones filed a *pro se* petition for postconviction relief pursuant to 725 ILCS 5/122-1 *et seq.*, arguing that: (1) trial counsel was ineffective for failing to file a motion to suppress unspecified evidence; (2) trial counsel was ineffective for failing to object to unspecified statements by the prosecution during closing argument; (3) the prosecution violated Jones's right to fair trial by calling him a liar and commenting on facts not in evidence during closing argument; (4) the evidence was insufficient to prove Jones guilty beyond a reasonable doubt thereby violating his federal due process rights; and (5) appellate counsel was ineffective because he failed to challenge trial counsel's ineffectiveness for failing to move to suppress Jones's confession and failing to object to the prosecutor calling Jones a liar during closing arguments.

Jones subsequently filed a *pro se* amendment to his postconviction petition, contending that the prosecution denied him a fair trial by eliciting testimony from Oquendo's widow, Maria, regarding their family and commenting on Oquendo's family during closing argument. *See Jones*, 955 N.E.2d at 1204. Jones cited only Illinois common law in support of his argument. The amended postconviction petition also argued that Jones's trial counsel was ineffective for failing to suppress two of his three confessions. Finally, Jones argued ineffective assistance of appellate counsel for failing

3

to raise prosecutorial misconduct and ineffective assistance of trial counsel for failing to argue that the trial court erroneously answered the jury's request for a definition of "reasonable doubt" by referring it to the jury instructions.

Jones later filed another *pro se* amendment to his petition, arguing that (1) the trial court erred in allowing the prosecution to inflame the jurors' passions; (2) trial counsel was ineffective for failing to object to certain testimony; and (3) appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness. *See Jones*, 955 N.E.2d at 1204. Jones later filed two additional supplemental petitions that reiterated his earlier postconviction claims. *See Id.* The trial court granted the State's motion to dismiss Jones's postconviction petition filed pursuant to 725 ILCS 5/122-1 *et seq*. *See Id.*

On appeal from the dismissal of his postconviction petition Jones raised two claims to the Illinois Appellate Court. He claimed that (1) his postconviction counsel failed to comply with Illinois statutory requirements by failing to follow Illinois Supreme Court Rule 651(c) which imposes three duties on appointed postconviction counsel; and (2) his counsel on direct appeal was ineffective for failing to raise trial counsel's failure to object to the introduction of certain evidence and to the prosecution's statements during closing arguments. *See Jones*, 955 N.E.2d at 1203, 1205. Because the appellate court found no evidence that Jones's postconviction counsel had performed inadequately, the court rejected Jones's ineffective assistance of appellate

counsel claim. See *Id.* at 1205-1206. The court explained that to prevail on an ineffective assistance of appellate counsel claim, a petitioner "must show that the failure to raise [an] issue was objectively unreasonable and that, but for this failure, defendant's conviction or sentence would have been reversed." *Jones*, 955 N.E.2d at 1208. Because Maria's testimony had no effect on the jury's verdict, the court concluded that Jones suffered no prejudice and an appeal based on that testimony would have failed. *See Id.* at 1209. Accordingly, appellate counsel was held to be not ineffective for failing to perfect an appeal based on trial counsel's failure to object to the testimony. Because counsel is afforded "wide latitude" during closing arguments, the court held that appellate counsel was not ineffective for failing to perfect an appeal based on the State's closing argument, and that the State appropriately argued that Jones did not deserve pity for being the victim of an accident. *See Id.* The court further found Jones's testimony that Oquendo's death was accidental "incredible" and contradicted by Jones's actions before and after the shooting. *See Id.*

In his post-conviction petition to the Illinois Supreme Court, during which he was represented by counsel, Jones raised three claims. He argued (1) that his postconviction counsel failed to comply with Illinois statutory requirements; (2) that the State's evidence and argument regarding Oquendo's family contravened long-standing Illinois jurisprudence; and (3) that appellate counsel was ineffective for failing to raise

5

the State's use of that evidence. The Illinois Supreme Court denied Jones's PLA on November 30, 2011. *See People v. Jones*, 962 N.E.2d 486 (Ill. 2011).

On December 16, 2011, Jones filed with this Court the instant Motion for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Jones's § 2254 petition raises two claims: (1) that the prosecution deprived him of a fair trial by calling him a liar and commenting on facts not in evidence during closing arguments, thus resulting in unfair prejudice; and (2) that his appellate counsel was ineffective for not challenging trial counsel's failure to object to the admission into evidence of (a) the names of Oquendo's children, (b) Maria's testimony regarding her last verbal exchange with Oquendo, (c) Maria's testimony regarding Oquendo's last pager message to her, and (d) Maria's identification of a photograph depicting both Oquendo and her baby. Jones has exhausted his state court remedies in bringing this habeas petition. *See* 28 U.S.C. § 2254(c). The Court recognizes that this petition is timely and that none of its claims are barred by retroactivity principles.

## II. The Legal Standard

Section 2254 limits federal courts to decide whether a conviction violated the Constitution, laws, or treaties of the United States when a petitioner brings a motion for a writ of habeas corpus pursuant to the statute. *See* 28 U.S.C. § 2254(a); *Estelle v.*

*McGuire*, 502 U.S. 62, 68 (1991). Accordingly, a claim based on state law is not cognizable on habeas review. *See Estelle*, 502 U.S. at 68; *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003); *Verdin v. O'Leary*, 972 F.2d 1467, 1476 (7th Cir. 1992). A federal habeas corpus petition must raise questions or issues related to the application of federal law.

On federal habeas review a petitioner must fairly present both the operative facts and legal principles underlying his claim, *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005), at each and every level in the state court system, *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). If a petitioner fails to satisfy this requirement, his claim is procedurally defaulted. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). A court may excuse procedural default if a petitioner shows cause for the default and resulting prejudice. *See Perruquet*, 390 F.3d at 514.

With respect to the merits of a federal habeas claim based on prejudice, a prosecutor's comments during closing arguments do not violate a petitioner's federal due process rights unless they are improper and prejudice the petitioner. *See Ellison v. Acevedo*, 593 F.3d 625, 635-36 (7th Cir. 2010). Comments made during closing arguments are improper only if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *Swofford v. Dobucki*, 137 F.3d 442, 443 (7th Cir. 1996).

7

A habeas petitioner raising a claim of ineffective assistance of counsel that was previously decided on the merits in state court (1) must satisfy the test for ineffective assistance mandated by *Strickland v. Washington*, 466 U.S. 668 (1984), and (2) the state court's decisions must fail 28 U.S.C. § 2254(d)'s deferential standard of review. *See Harrington v. Richter*, 131 S.Ct. 770, 788 (2011); *Pole v. Randolph*, 570 F.3d 922 (7th Cir. 2009). Thus, a federal habeas court is "doubly deferential" when reviewing a state court's judgment on an ineffective assistance of counsel claim. *See Knowles v. Mirzayance*, 129 S.Ct. 1411, 1420 (2009); *Harrington*, 131 S.Ct. at 788. The *Strickland* standard demands that the petitioner prove both that his counsel's performance was objectively unreasonable and that he suffered prejudice as a result. *See Smith v. Robbins*, 528 U.S. 259, 289 (2000) (petitioner "must satisfy both prongs of the *Strickland* test in order to prevail on his claim of ineffective assistance of appellate counsel").

In addition, Section 2254(d)'s deferential standard of review forbids a grant of habeas relief on a claim adjudicated on the merits in state court unless the state court's decision was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). A state court's application of federal law is unreasonable only if it strays "well outside the boundaries of permissible differences of

opinion." *Woods v. McBride*, 430 F.3d 813, 816-17 (7th Cir. 2005) (quoting *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002)). A decision is contrary to federal law if it incorrectly expresses controlling Supreme Court precedent or, "having identified the correct rule of law, decide[s] a case differently than a materially factually indistinguishable Supreme Court case." *Conner v. McBride*, 375 F.3d 643, 649 (7th Cir. 2004). Accordingly, this Court will not grant habeas corpus relief on a claim adjudicated on the merits by a state court if there is any possibility that fair-minded jurists could disagree whether the state court's decision conflicts with Supreme Court precedent. *See Harrington*, 131 S.Ct. at 786.

Where a petitioner challenges his appellate counsel's decision to withdraw based on counsel's determination that an appeal would be frivolous, *Strickland* requires the petitioner to establish both that counsel "was objectively unreasonable in failing to find arguable issues to appeal" and prove that there was a "reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Smith*, 528 U.S. at 285. To establish deficient performance, a petitioner who alleges that his appellate counsel was ineffective for opting not to file a merits brief must "show that a reasonably competent attorney would have found one nonfrivolous issue warranting a merits brief." *Id*.

**III. Discussion**

Jones's first claim for habeas relief alleging unfair prejudice based on the prosecution calling him a liar and commenting on facts not in evidence during closing arguments raises no questions of federal law. Jones's first habeas claim is premised entirely on Illinois state law and he cites no federal authority to support his claim. Nor does Jones cite Illinois cases for points of federal law. Jones cites only *People v. Meredith*, 405 N.E.2d 1306 (Ill. App. Ct. 1980) and *People v. Young*, 337 N.E.2d 40 (Ill. App. Ct.), for principles of Illinois state law in addressing the procedural question of waiver. Jones cites *Meredith* and *Young* in addressing the issue of waiver, and neither *Weathers* nor *Young* address federal law. *See Weathers*, 338 N.E.2d at 881-884; *Young*, 337 N.E.2d at 41-43. Because Jones's claim raises no question of federal law his state law claim that the State's closing argument was unfairly prejudicial is not cognizable in this federal habeas corpus action. *See Estelle*, 502 U.S. at 68; *Verdin*, 972 F.2d at 1476; *see also Lechner*, 341 F.3d at 642.

Even if the claim raised a question of federal law, Jones nevertheless failed to fairly present it as such. A petitioner must fairly present both the operative facts and legal principles underlying his claim, *Bintz*, 403 F.3d at 863, at each and every level in the state court system, *Lewis*, 390 F.3d at 1025. Here, Jones's response to appellate counsel's *Anders* brief on direct appeal and his ensuing PLA alleged only that Jones was

denied a fair trial and cited no federal law. *See Jones*, 955 N.E.2d at 1203-1204 (citing *Weathers*, 338 N.E.2d at 881-884; *Meredith*, 405 N.E.2d at 1312; *Young*, 337 N.E.2d at 41-43). Because bare allegations are insufficient for this cause of action, *Verdin*, 972 F.2d at 1475, and because it is based solely on state law and does not concern the application of federal law, Jones's federal claim based on the State's closing argument to the Illinois Appellate Court or the Illinois Supreme Court fails and Jones's first claim of his habeas petition alleging prejudice arising from the prosecutor's actions during his trial is procedurally defaulted. *See Perruquet*, 390 F.3d at 514.

A court may excuse procedural default if a petitioner shows cause for the default and resulting prejudice. *See Perruquet*, 390 F.3d at 514. Jones does not establish cause for his default nor any prejudice resulting from the alleged errors. Because Jones has argued neither exception, this Court will not review his defaulted claims. *See Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008). The Court will not invent legal arguments for a habeas petitioner to excuse a procedurally defaulted claim by conjuring speculative claims of cause and prejudice.

Even if the claim were not procedurally defaulted, Jones's claim of unfair prejudice is without merit. A prosecutor's comments during closing arguments do not violate a petitioner's federal due process rights unless they are improper and prejudicial. *See Ellison*, 593 F.3d at 635-636. Jones claims that the prosecution's closing

11

argument deprived him of a fair trial by (1) calling him a liar and (2) commenting on three facts allegedly not in evidence: (a) that the Assistant State's Attorney knew that Jones lied about the distance from which Jones shot Oquendo; (b) that Jones fabricated Oquendo's threats over Jones's gambling debt; and (c) that Jones refused to pay his debt to Oquendo despite having enough money to do so. Jones provided four different accounts of Oquendo's murder and later admitted to lying in a sworn statement. Moreover, it was not until his trial that Jones first stated that his gun fired autonomously. *See Jones*, 955 N.E.2d at 1203-1204. This testimony diverged substantially from Jones's earlier sworn statements and the available evidence. *See Jones*, 955 N.E.2d at 1209. Given the substantial evidence of Jones's dishonesty the State was sufficiently justified in commenting on Jones's credibility during closing arguments. *See Aliwoli v. Carter*, 225 F.3d 826, 831 n.2 (7th Cir. 2000). Therefore, the State's remarks concerning Jones's credibility were neither improper nor prejudicial and therefore do not violate Jones's federal due process rights. *See Ellison*, 593 F.3d at 635-636.

Nor did the other comments—(a) regarding the Assistant State's Attorney's knowledge about the distance from which Jones shot the victim; (b) that Jones fabricated Oquendo's threats over Jones's gambling debt; and (c) that Jones refused to pay his debt to Oquendo despite having enough money to do so—prejudice Jones.

Comments made during closing arguments are prejudicial only if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181; *Swofford*, 137 F.3d at 443. The material evidence against Jones would have outweighed any prejudice caused by the prosecutor's comments. *See Swofford*, 137 F.3d at 445. The guilty evidence includes "two written statements in which [Jones] confessed that he had planned and carried out the murder of his friend." *Jones*, 783 N.E.2d at 271-272. The evidence also shows that Jones attempted to conceal his crime immediately after he shot the victim by transporting and disposing of Oquendo's body, disposing of the murder weapon, and fleeing the country. Because the only factual dispute in issue was whether Jones intentionally shot Oquendo, because none of these other comments addressed this issue, and because Jones had provided two prior confessions, the comments were not prejudicial.

Therefore, Jones's first claim for habeas relief is based exclusively on state law, raises no issue of federal law, and is therefore void and unreviewable by this Court under § 2254. Furthermore, Jones failed to fairly present this claim as a federal claim in the state courts, thus resulting in procedural default. Finally, even if the claim was cognizable and preserved, it is without any merit. Thus, Jones's first claim for habeas corpus relief alleging that the prosecutor's acts during his trial resulted in unfair prejudice to him fail as a matter of law.

With respect to Jones's second habeas corpus claim alleging ineffective assistance of appellate counsel for withdrawing an appeal under *Anders*, 386 U.S. 738, the Illinois Appellate Court properly rejected Jones's claim in accordance with an appropriate application of federal law. To prevail on a claim of ineffective assistance of counsel on habeas review, such a claim must fail the test for ineffective assistance mandated by *Strickland*, 466 U.S. 668, and the state court's decision must also fail 28 U.S.C. § 2254(d)'s deferential standard of review, which requires the petitioner to show that the state court's decision was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Harrington*, 131 S.Ct. at 788; *Pole*, 570 F.3d 922.

Appellate counsel properly advised the Illinois Appellate Court that petitioner's two possible claims were frivolous. *See Anders*, 386 U.S. at 744. After an independent review of the record, the Appellate Court determined that the prejudice claim was frivolous because "the evidence was not closely balanced nor was the error [that petitioner alleged] of such magnitude to deny defendant a fair trial." *Jones*, 955 N.E.2d. at 1204 (quoting *Jones*, 783 N.E.2d at 238) (internal quotations omitted); *accord Anders*, 386 U.S. at 744. Therefore, the state appellate court properly held that Jones's appeal

would be frivolous in accordance with *Anders*, a reasonable application of controlling Supreme Court precedent.

The state appellate court also correctly held that Jones's appellate counsel was justified in not raising a claim against the State's introduction of and comments on Maria's testimony, and that counsel's decision did not prejudice Jones. Thus, the postconviction court rejected Jones's ineffective assistance claim in accordance with *Strickland*, another reasonable application of controlling Supreme Court precedent by the Illinois Appellate Court.

The judgment of the postconviction appellate court was a valid application of federal law. In holding that appellate counsel's failure to raise the claim was reasonable, the court acted within the boundaries set by *Woods*, 430 F.3d at 816-817. Maria's testimony regarding her family and her final exchanges with Oquendo was a natural account of the facts surrounding Oquendo's death. Further, the testimony regarding Jones's relationship with Oquendo and her family was made relevant by Jones's claims that he owed Oquendo a gambling debt and feared him. *See Jones*, 955 N.E.2d at 1203, 1208. Therefore, counsel was not ineffective for failing to raise the claim in accordance with federal law.

The appellate court correctly held that appellate counsel's failure to raise a claim had no effect on the trial's outcome and was therefore not prejudicial. *See Jones*, 955 N.E.2d at 1208-1209. Jones fails not only to demonstrate that "there is a reasonable probability that the issue his appellate attorney failed to raise would have altered the outcome of his appeal, had it been raised," *Johnson v. Thurmer*, 624 F.3d 786, 793 (7th Cir. 2010) (quoting *Brown v. Finnan*, 598 F.3d 416, 425 (7th Cir. 2010)) (internal quotations omitted), but also that the state appellate court's decision was unreasonable under § 2254(d)'s deferential standard of review for state court judgments on the merits in postconviction proceedings. For these reasons, Jones's second claim for habeas relief alleging inadequate assistance of appellate counsel fails as a matter of law.

Unless this Court issues a certificate of appealability, an appeal may not be taken to the United States Court of Appeals from this Court's judgment in a habeas corpus proceeding where the allegedly unconstitutional acts complained of arise out of a process issued by a state court. *See* 28 U.S.C. § 2253(c)(1)(A); *see also* Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Courts may only grant a certificate of appealability when the petitioner has presented "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Gonzalez v. Thurmer*, 132 S.Ct. 641, 649 n.5 (2012). A

substantial showing of the denial of a constitutional rights requires the petitioner to show that reasonable jurists could find room to debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to entitle the petitioner to proceed further with his claims. *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4 (1983)). Jones's ineffective assistance of counsel claim is denied on the merits, and his unfair prejudice claim is noncognizable for failing to present a federal question, procedurally defaulted, and without legal merit. Because Jones's ineffective assistance claim is denied on the merits, to obtain a certificate of appealability Jones must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims either debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack*, 529 U.S. at 484). Jones has not made such a showing here, and the Court concludes that reasonable jurists could not find room to debate its ruling on the constitutional merits of Jones's ineffective assistance of counsel claim. Jones's unfair prejudice claim is denied on procedural grounds. Where, as here, the Court denies a habeas petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists could reasonably disagree over whether the petitioner has shown the violation of a constitutional right, and whether the procedural ruling was correct. *See Slack*, 529 U.S. 473. When it is clear that an obvious procedural defect bars the petitioner's case, then

there is no room for reasonable judicial debate. *See Id.* Here, Jones's unfair prejudice claim is obviously procedurally defective. Thus, because Jones has failed to make a substantial showing of the denial of a constitutional right this Court must therefore deny Jones a certificate of appealability for both of the claims raised in his Motion for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(2); *see also Gonzalez v. Thurmer*, 132 S.Ct. at 649 n.5. The decision of whether or not to grant a certificate of appealability is a screening device used to conserve judicial resources and prevent the Courts of Appeals from being overly burdened with meritless habeas petitions. *See Young v. U.S.*, 124 F.3d 794, 799 (7th Cir. 1997). Jones is therefore precluded from prosecuting his action further in the United States Court of Appeals for the Seventh Circuit.

## IV. Conclusion

Jones's Motion for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied, and his action is dismissed. He is also denied a certificate of appealability with respect to both of the claims raised in his Motion for habeas relief.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date August 22, 2012